Jonathan G. Gabriel, Esq., SBN 140381
Gary K. Salomons, Esq. SBN 126280
Jeffrey Alpert, Esq., SBN 165997
David S. Mayes, Esq., SBN 207173
Ashley E. Szabo, Esq., SBN 283727
GABRIELSALOMONS, LLP
16311 Ventura Blvd., Ste. 970
Encino, California 91436
Telephone: (818) 906-3700
Facsimile: (818) 906-2142

Attorneys for Plaintiff, ROBANDA INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBANDA INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NINA PARKINSON, an individual; PLASTICOS VANDUX DE COLOMBIA, S.A., a Columbian company; CAMELOT HAIR CARE PRODUCTS, LLC ("CAMELOT"), a Florida Limited Liability Company; and DOES 1-20, inclusive. <br><br> Defendants. | CASE NO. **'13CV0490 BTM BLM** <br><br> **COMPLAINT FOR:** <br><br> 1. Declaratory Judgment of Ownership of Trademark Registration No. 2,732,910 <br> 2. Cancellation of Trademark Reg. Nos. 3571144 and 3621392 |

Plaintiff, Robanda International, Inc. ("Robanda") alleges as follows:

## PARTIES

1. Robanda is a California corporation with its principal place of business in San Diego County, California.

2. Robanda is informed and on that basis believes and alleges that Defendant, Nina Parkinson ("N. Parkinson") is an individual and a resident of the State of California.

3. Defendant, Plasticos Vandux de Colombia, S.A. ("Vandux") is a Columbian company with its principal place of business in Baranquilla, Columbia.

4. Defendant Camelot Hair Care Products, LLC ("Camelot") is a Florida Limited Liability Company with its principal place of business in St. Lucie County, Florida.

5. Robanda is informed and believes, and upon such information and belief alleges, that Defendants named herein as Does 1 through 20 are in some manner responsible for the events and wrongful conduct described herein, and are liable to Plaintiff for the damages they have incurred. The true names and capacities of said Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sue said Defendants as such fictitious names, and Robanda will amend this Complaint to show their true names and capacities when same have been ascertained.

**NATURE OF THE ACTION**

6. This action arises from a dispute relating to the ownership of the "Marilyn" trademark, currently registered as U.S. Trademark Registration No. 2,723,910 ("Marilyn Mark").[1] Robanda seeks a declaration of its rights in and to the Marilyn Mark.

---

[1] In addition to the Marilyn Mark, there are also registered trademarks for Marilyn in the form of Trademark Nos. 3,571,144 and 3,621,392. These trademarks, applied for by Vandux in 2007 are disputed. Trademark No. 3,621,392 is an identical stylized mark to that of Trademark No. 2,723,910 while Trademark No. 3,621,392 is a standard character mark for "MARILYN". On or about July 7, 2009, Anthony J. Parkinson, the managing member for Camelot, and brother of Defendant N. Parkinson, recorded "declarations of ownership" for both of these trademarks citing the assignment of the mark to Camelot by Vandux in 2004.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over the claims made in this Complaint under United States Declaratory Judgment Act, 38 United States Code §§2201 and 2002, and the United States Trademark Act of 1946 (Lanham Act), 15 U.S.C. §1051 et seq. This Court has subject matter jurisdiction under 15 U.S.C. §1121(a) and under 28 U.S.C. §1331.

8. The Court has personal jurisdiction over the Parties and venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because all the acts giving rise to the claims herein, namely the exclusive and continued use of the Marilyn Mark by Robanda, occurred in the State of California.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Robanda is the owner and manufacturer of Marilyn brand hairbrushes ("Marilyn Brushes").

10. Robanda acquired the Marilyn Brushes in 2009 through a purchase agreement with Camelot ("Purchase Agreement"). A copy of the Purchase Agreement is attached hereto and incorporated by this reference as Exhibit "A".[2]

11. In conjunction with Robanda's acquisition of the Marilyn Brushes, Robanda was given license to use the Marilyn Mark, and in 2014, the exclusive ownership of the Marilyn Mark is to be granted from N. Parkinson to Robanda. A copy of the license and agreement to transfer the Marilyn Mark is attached hereto and incorporated by this reference as Exhibit "B".[3]

12. Vandux was the original owner of the Marilyn Mark and registered the Marilyn Mark on or about June 10, 2003.

13. Vandux assigned the Marilyn Mark to Camelot on or about March 10, 2004. The assignment was recorded with the United States Patent and Trademark

---

[2] Exhibits are not included.

[3] This is an Exhibit within the Purchase Agreement.

1  Office ("USPTO") on March 10, 2004. Attached hereto and incorporated by this reference as Exhibit "C" is a copy of the assignment to Camelot.

14. At all relevant times, Vandux has not exercised any control and/or ownership over the Marilyn Mark, and has not manufactured any hairbrushes using the Marilyn Mark since 2006. In fact, Vandux abandoned the Marilyn Mark and went into direct competition by manufacturing and selling hairbrushes using exclusively the trade name Monroe.

15. On or about October 1, 2008, Camelot "assigned" the Marilyn Mark to N. Parkinson. The assignment was recorded with the USPTO on or about October 1, 2008. Attached hereto and incorporated by this reference as Exhibit "D" is a copy of the assignment to N. Parkinson.

16. Since receiving the assignment of the Marilyn Mark, N. Parkinson has not at any time exercised any control and/or ownership over the Marilyn Mark, has not manufactured or sold any hairbrushes using the Marilyn Mark, nor taken any steps to ensure quality control over the Marilyn Mark.

17. Camelot has not manufactured brushes, sold brushes or otherwise used the Marilyn Mark since it sold the Marilyn Brushes to Robanda in 2009.

18. The only individual or entity that has used the Marilyn Mark since 2009 has been Robanda.

19. The Marilyn Mark is essential to the promotion and sale of the Marilyn Brushes by Robanda.

## COUNT ONE – DECLARATORY RELIEF
### (Against All Defendants)

20. Robanda incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

21. There is now an actual controversy that exists as to the rights to and in and ownership of the Marilyn Mark.

22. N. Parkinson claims to be the owner of the Marilyn Mark through an assignment of the Marilyn Mark by Camelot.

23. Vandux claims that it is a joint owner of the Marilyn Mark with Nina Parkinson, or has a license to the Marilyn Mark in perpetuity.

24. Camelot is not asserting ownership of the Marilyn Mark.

25. Robanda has exclusively and continuously used the Marilyn Mark since 2009 without any supervision from N. Parkinson.

26. Robanda seeks a declaration from this Court that:

   A. Vandux has abandoned the Marilyn Mark;

   B. Camelot has abandoned the Marilyn Mark;

   C. Camelot's assignment to N. Parkinson is invalid;

   D. N. Parkinson abandoned the Marilyn Mark; and

   E. Robanda is the owner of the Marilyn Mark.

## COUNT TWO
## CANCELLATION OF TRADEMARKS
### (Against Vandux)

27. Robanda incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

28. Trademark No. 3,571,144 is a standard character mark for "MARILYN", the brand name for the Marilyn Brushes that Robanda exclusively manufactures, markets and sells.

29. Trademark No. 3,621,392 is a stylized expression of and identical to the Marilyn Mark.

30. The Marilyn Mark, along with Trademarks Nos. 3,571,144 and 3,621,392 were abandoned by all Defendants, and therefore, should be cancelled.

31. Pursuant to 15 U.S.C. §1119, Robanda requests that the Court issue an order directing the United States Patent and Trademark Office to cancel the Registration of Trademarks Nos. 3,571,144 and 3,621,392 forthwith, and to place the

name of the true owner of the Marilyn Mark as Robanda.

## PRAYER FOR RELIEF

Wherefore, Robanda prays:

1. Entry of judgment that Robanda be declared the true owner of the Marilyn Mark bearing Registration Numbers 2,723,910;

2. The Court order Trademark Registration Numbers 3,621,392; 3,571,144 and 2,723,910 to be cancelled;

3. Robanda be awarded its costs and reasonable attorney's fees incurred herewith;

4. Such other further relief as the Court may deem just and proper under the circumstances.

Dated: 2/6/13

GABRIELSALOMONS, LLP

BY: _____
JEFFREY ALPERT, ESQ.
Attorney for Plaintiff ROBANDA
INTERNATIONAL, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Robanda International, Inc. hereby demands trial by jury of all issues so triable.

Dated: 2/6/13

GABRIELSALOMONS, LLP

BY: _____
JEFFREY ALPERT, ESQ.
Attorney for Plaintiff ROBANDA INTERNATIONAL, INC.

GABRIELSALOMONS LLP
16311 Ventura Blvd., Ste. 970
Encino, CA 91436