Jonathan G. Gabriel, Esq., SBN 140381
Gary K. Salomons, Esq. SBN 126280
Jeffrey Alpert, Esq., SBN 165997
David S. Mayes, Esq., SBN 207173
Ashley E. Szabo, Esq., SBN 283727
GABRIELSALOMONS, LLP
16311 Ventura Blvd., Ste. 970
Encino, California 91436
Telephone: (818) 906-3700
Facsimile: (818) 906-2142

Attorneys for Plaintiff, ROBANDA INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBANDA INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINA PARKINSON, an individual; PLASTICOS VANDUX DE COLOMBIA, S.A., a Columbian company; CAMELOT HAIR CARE PRODUCTS, LLC ("CAMELOT"), a Florida Limited Liability Company; and DOES 1-20, inclusive.<br><br>Defendants. | CASE NO. 13CV00490-BTM-BLM<br><br>**ROBANDA INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE ANTHONY PARKINSON'S LETTER TO THE COURT DATED APRIL 4, 2013**<br><br>**Hon. Barry T. Moskowitz**<br><br>Date: June 21, 2013<br>Time: 11:00 a.m.<br>Dept: 15B<br>333 W. Broadway<br>San Diego, CA 92101<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Robanda International, Inc.'s ("Robanda") hereby respectfully submits this Memorandum of Points and Authorities in Support of Robanda's Motion to Strike Anthony Parkinson's Letter Dated April 4, 2013 ("Motion to Strike").

## 1. Introduction.

This Motion to Strike should be granted because Anthony Parkinson's Letter Dated April 4, 2013 ("Parkinson Letter") is improper and irrelevant material. Robanda filed this action against Defendant Camelot Hair Care Products, LLC ("Camelot"), et al. on March 1, 2013. Mr. Anthony Parkinson is not a party to this lawsuit. Camelot was served on April 3, 2013, and has not yet filed a responsive pleading to Robanda's Complaint.[1] Instead, on April 4, 2003, Camelot's managing member, Anthony Parkinson wrote the Parkinson Letter to the Court, which was entered *Nunc Pro Tunc* on April 29, 2013.

Because Mr. Parkinson is not an attorney and Camelot cannot appear in this Court *pro se.*, the Parkinson Letter should be stricken.

Further, even if the filing were permitted, the Parkinson Letter is neither a proper responsive pleading nor a proper "Request for Judicial Notice" under the *Federal Rules of Civil Procedure* and, as such it should stricken on that basis as well.

## 2. The Parkinson Letter Should Be Stricken Because Its Author, Anthony Parkinson, Is Not A Party To This Action And Lacks Standing To Make Any Request.

A district court may strike from a pleading any insufficient defense or order or any redundant, immaterial, impertinent, or scandalous matter. *Federal Rules of Civil Procedure* ("FRCP"), Rule 2(f). *Neilson v. Union Bank of California, N.A.*, (C.D. Cal. 2003) 290 F. Supp. 2d 1101, 1152. In addition, the Court possesses the inherent

---

[1] Robanda will be seeking the default of Camelot prior to the hearing on this Motion.

authority to strike any material improperly submitted or filed. *Franklin v. United States* (E.D. Cal. Nov. 28, 2012) 1:10-CV-00142-LJO, 2012 WL 5954016.

Mr. Parkinson is not a party to this action. Although Mr. Parkinson claims that he is the "managing member" of Camelot, he appears to be making his requests and pleas to this Court in his individual capacity. Given that Mr. Parkinson is not a party to this action, he lacks standing to request and affirmative relief. See *Citibank International v. Collier-Traino, inc., et al.* (9th Circuit 1987) 809 F.2d. 1438.

It is also axiomatic that a corporation may not appear *pro se* in federal court. *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, (1993)). Mr. Parkinson is not an attorney and, therefore, to the extent that he is attempting to represent Camelot's interests, he lacks standing to do so and his letter must be stricken on that basis.

**3. The Parkinson Letter Should Be Stricken Because It Is Not a Responsive or Proper Pleading.**

The Parkinson Letter is not a recognized pleading under *FRCP*, Rule 7. It is not a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint or a third-party answer. *FRCP* Rule 7. In addition, the Parkinson Letter does not meet technical and substantive standards of pleading required by *FRCP*, Rule 8 and, therefore, should be stricken. *FRCP* Rules 8(b), 8(c), 10(a), 10(b). Because the Parkinson Letter does not conform with the Federal Rules of Civil Procedure, it should be stricken.

**4. The Parkinson Letter Should Be Stricken Because It Contains No Matter That Is Proper For Judicial Notice.**

The Parkinson Letter should be stricken because it contains no facts that are the proper subject of Judicial Notice under the *FRCP*. Rule 201(b). *Federal Rules of Evidence*, Rule 201(c) provides only for judicial notice as to the following facts: "(1) A fact not subject to reasonable dispute because it is either generally known

–3–

GABRIEL SALOMONS LLP
16311 Ventura Blvd., Ste. 970
Encino, CA 91436

within the court's territorial jurisdiction or (2) readily determined from sources whose accuracy cannot be disputed. In addition, the Court may only take judicial notice upon its own motion or upon the request of a party."   Since the Parkinson Letter contains no generally known facts or statements from readily known and reliable sources, it must be stricken, or the requests for judicial notice be denied.

**5.   Conclusion.**

Based on the foregoing, the Parkinson Letter should be stricken and/or the requests for taking judicial notice be denied.

Dated:     May 7, 2013                                GABRIELSALOMONS, LLP

                                                      BY: _____
                                                      JEFFREY ALPERT, ESQ.
                                                      Attorney for Plaintiff ROBANDA
                                                      INTERNATIONAL, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES ) ss.:
)
)

*ROBANDA INTERNATIONAL, INC. v. NINA PARKINSON; PLASTICOS VANDUX DE COLOMBIA, S.A. and CAMELOT HAIR CARE PRODUCTS, LLC*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 16311 Ventura Blvd., Suite 970, Encino, CA 91436.

On May 7, 2013, I served the within document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROBANDA INTERNATIONAL, INC'S MOTION TO STRIKE ANTHONY PARKINSON'S LETTER TO THE COURT RE: REQUEST FOR JUDICIAL NOTICE**

On the interested parties in this action as stated below:

| R. Joseph Trojan<br>**TROJAN LAW OFFICES**<br>9250 Wilshire Blvd., Suite 235<br>Beverly Hills, CA 90212<br>Tel: 310-777-8399<br>Fax: 310-777-8348<br>Trojan@trojanlawoffices.com | **Anthony Parkinson**<br>3900 NE Cheri Dr.<br>Jensen Beach, FL 34957<br>vicarage@comcast.net |
|---|---|

__XXX__ (CM/ECF) Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown above for the above-entitled case, as listed above.

Executed on May 7, 2013, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Adam Mikaelian | /s/ Adam Mikaelian |
|---|---|
| (Type or print name) | (Signature) |