1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBANDA INTERNATIONAL, INC., a California Corporation, | Case No. 13cv490 BTM(BLM) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| NINA PARKINSON, et al., | |
| Defendants. | |

Plaintiff Robanda International, Inc. ("Plaintiff"), has filed a motion to strike a letter requesting judicial notice submitted to the court by Anthony Parkinson.  (ECF No. 8.)  For the reasons discussed below, the court **GRANTS** Plaintiff's motion to strike.

## I.  FACTUAL BACKGROUND

Plaintiff is a California corporation that manufactures Marilyn brand hairbrushes ("Marilyn Brushes").  (Complaint ¶ 9.)  On March 1, 2013, Plaintiff filed a Complaint against Nina Parkinson, Plasticos Vandux de Colombia, and Camelot Hair Care Products (collectively "Defendants"), seeking a declaratory judgment of trademark ownership and cancellation of two trademark registrations.  (ECF No. 1.)  Plaintiff alleges that in 2009, Plaintiff acquired the Marilyn Brushes from Defendant Camelot,

was thereby given license to use the Marilyn mark ("Mark"), and will gain exclusive ownership of the Mark from Defendant Parkinson in 2014.  (Complaint ¶ 11.) Furthermore, Plaintiff alleges that during the time in question, none of the named Defendants sold any hairbrushes with the Mark, or exercised any control over the Mark.  (Complaint ¶¶ 14-16.)

On May 1, 2013, in response to Plaintiff's Complaint, a request for judicial notice was filed by Anthony Parkinson, an individual not a party to this action.  (ECF No. 6.)  Anthony Parkinson's letter ("Parkinson Letter") alleges, *inter alia*, that Defendant Camelot has been dissolved and that final accounting has been issued to the unit holders.  Subsequently, on May 8, 2013, Plaintiff filed a motion to strike the Parkinson Letter and/or deny Anthony Parkinson's request for judicial notice.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous manner."  Fed. R. Civ. P. 12(f).  "The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)) (internal quotations omitted).

However, motions to strike are viewed with disfavor by the courts, and often require a showing of prejudice by the moving party in order to be granted.  See Mag Instrument, Inc. v. JS Products, Inc., 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).  See also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2013).  Ultimately, the decision to grant a motion to strike is within the court's sound discretion.  Mag Instrument, 595 F. Supp. 2d at 1102.

Plaintiff argues that the Parkinson Letter was improperly submitted because Anthony Parkinson is not a party to this action.  The Court agrees.  Plaintiff's

13cv490 BTM(BLM)

Complaint brings allegations regarding trademark ownership against Nina Parkinson, Plasticos Vandux de Colombia, and Camelot Hair Care Products. Plaintiff does not list Anthony Parkinson as a party to this action, nor has Anthony Parkinson joined this action using the appropriate means. See Fed. R. Civ. P. 18-20. Therefore, Anthony Parkinson lacks standing to request affirmative relief, or to file a motion or request with the court. See Citibank Int'l v. Collier-Traino, Inc. 809 F. 2d 1438 (9th Cir. 1987) (refusing to consider nonparty's motion to vacate judgment). See also Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (holding that standing to sue under Article III requires a redressible imminent injury).

Furthermore, a corporation must be represented by counsel in federal court. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Although Anthony Parkinson is a managing member of Defendant Camelot, a California corporation, he is unable to represent the interests of the corporation before this Court. Therefore, Plaintiff's motion to strike is **GRANTED.**

Plaintiff should note, however, that the Court will not grant any motion for default judgment against Defendant Camelot unless Plaintiff can demonstrate that Defendant is a viable corporation.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motion to strike (ECF No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  July 22, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

3                                                              13cv490 BTM(BLM)