UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBANDA INTERNATIONAL, INC., a California Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>NINA PARKINSON, et al.,<br><br>            Defendants. | Case No. 13cv490 BTM(BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REQUIRING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED** |

On May 2, 2013, Defendant Nina Parkinson filed a motion to dismiss Plaintiff's Complaint. (ECF No. 7.) For the reasons discussed below, Defendant's motion is **DENIED**.

### I.  FACTUAL BACKGROUND

On March 1, 2013, Plaintiff Robanda International, Inc. ("Plaintiff") filed a Complaint against Defendants Nina Parkinson, Plasticos Vandux de Colombia, and Camelot Hair Care Products. (ECF No. 1.) Plaintiff manufactures a line of hairbrushes under the brand name "Marilyn," a registered trademark with the United States Patent and Trademark Office ("USPTO"). (Compl. ¶ 9.) In 2009, Plaintiff acquired the Marilyn brushes through an asset purchase agreement ("APA") with Camelot. (Id. ¶ 10.) Pursuant to the APA, Plaintiff was given a license to use the Marilyn trademark

("Marilyn Mark") and is scheduled to receive exclusive ownership of the Marilyn Mark in 2014. (Compl. ¶ 11.)

Camelot assigned to Nina Parkinson ("Defendant") the rights to the Marilyn Mark in 2008. (Compl. ¶ 15.) Thus, although Plaintiff purchased the Marilyn brushes from Camelot, Plaintiff required the authorization of Defendant to sell the brushes under the Marilyn Mark. On December 1, 2008, Defendant authorized Plaintiff to have the complete and free use of the Marilyn Mark for 5 years through a license agreement. (Compl., Ex. B.) Although the license agreement outlines quality control procedures allowing Defendant to supervise Plaintiff's use of the Marilyn Mark, Plaintiff alleges that the Marilyn Mark has been used exclusively and continuously by Plaintiff since 2009, without any supervision from Defendant. (Compl. ¶ 25.)

Plaintiff's Complaint seeks the following: (1) declaratory judgment of ownership of the trademark MARILYN, Registration No. 2,732,910; and (2) cancellation of the remaining Marilyn trademarks, Registration Nos. 3,571,144 and 3,621,392.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

## III. DISCUSSION

In her motion to dismiss, Defendant argues that Plaintiff cannot show that Defendant abandoned the Marilyn Mark because Plaintiff's use of the mark inures to Defendant's benefit as the licensor, and because Defendant exercised quality control. Defendant also argues that there is no real and immediate controversy because Plaintiff cannot allege abandonment while Plaintiff is using the Marilyn Mark, since Plaintiff's present use inures to Defendant's benefit and there is therefore no abandonment while Plaintiff is using it under the licensing agreement. Defendant also argues that Plaintiff's claim of ownership is barred by collateral estoppel.

Plaintiff argues in opposition that the original transfer of the Marilyn Mark from Camelot to Defendant was an invalid assignment in gross, because the Marilyn Mark was not transferred with any assets or goodwill. Plaintiff also argues that Defendant did not in fact exercise quality control, despite her contractual right to do so.

Finally, in her reply brief, Defendant raised for the first time the argument that Plaintiff is barred from bringing suit pursuant to the doctrine of licensee estoppel.

**A. Quality Control**

Defendant argues that Plaintiff cannot show abandonment because Plaintiff's use of the Marilyn Mark inures to Defendant's benefit as the licensor. For the same reason, Defendant argues that the Complaint should be dismissed because there is no real and immediate controversy.

It is well-established that "abandonment requires complete cessation or discontinuance of trademark use." Electro Source, LLC v. Brandess-Kalt-Aetna Grp.,

Inc., 458 F.3d 931, 938 (9th Cir. 2006) (italics removed).  However, a licensee's use of a trademark inures to the licensor's benefit only where the licensor has exercised quality control.  See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 595 (9th Cir. 2002) ("[A] trademark owner may grant a license and remain protected *provided quality control of the goods and services sold under the trademark by the licensee is maintained*.") (internal quotations omitted; emphasis added)).

Plaintiff alleges that Defendant did not exercise quality control.  Defendant, in turn, argues that she did.  This is a question of fact, and the Court must take the allegations in the Complaint as true.  Therefore, Defendant's motion to dismiss on these grounds is **DENIED**.

**B.  Collateral Estoppel**

Defendant alleges that in a previous arbitration between Plaintiff and Camelot, Plaintiff filed a cross-complaint seeking a finding that it would have ownership of the Marilyn Mark in December 2013 per the APA, but the Arbitrator held that the issue was not ripe for decision because Robanda might breach other provisions of the contract before that time.  See Def.'s Mot. to Dismiss (ECF No. 7-1) at 11-12.  Defendant argues that the Complaint is barred by collateral estoppel because of the Arbitrator's decision.

Offensive non-mutual collateral estoppel applies where (1) the issue sought to be litigated is sufficiently similar to the issue presented in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine, (2) the issue was actually litigated in the first case, and (3) the issue was necessarily decided in the first case.  Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 775 (9th Cir. 2003).  The Court holds that collateral estoppel does not apply here.  First, the issues here – whether Defendant abandoned the Marilyn Mark and whether Plaintiff owns the Marilyn Mark *now* – are not sufficiently similar to the issue of whether Plaintiff will own the Marilyn Mark in December 2013 under the APA.  Second, the issue was not

actually litigated in the arbitration, since the Arbitrator's decision was that the issue was not yet ripe for adjudication. Therefore, Defendant's motion to dismiss due to collateral estoppel is **DENIED**.

**C. Licensee Estoppel**

In Defendant's reply in support of her motion to dismiss, Defendant raises for the first time the argument that Plaintiff is barred by the doctrine of licensee estoppel from bringing adverse claims that challenge Defendant's rights to the Marilyn Mark.

It is a "long settled principle of law that a licensee . . . of a trademark or trade name may not set up any adverse claim . . . against its licensor." Pac. Supply Coop. v. Farmers Union Cent. Exch., Inc., 318 F.2d 894, 908 (9th Cir. 1963). See also Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co., 514 F.2d 665, 671 (5th Cir. 1975) ("[A] licensee is estopped to contest the validity of the licensor's title during the course of the licensing arrangement. . . . The licensee has, by virtue of the agreement, recognized the holder's ownership.") The license agreement is valid until December 1, 2013. (Compl., Ex. B.) Plaintiff's Complaint, which challenges the validity of Defendant's rights to the Marilyn Mark, was filed on March 1, 2013. (ECF No. 1.) Because the license agreement is still in effect, Plaintiff may be barred by the doctrine of licensee estoppel from challenging the validity of Defendant's ownership or potential abandonment of the trademark until the license expires.

However, because Defendant raised this argument for the first time in its reply, Plaintiff has not had an opportunity to brief this issue. Therefore, the Court **DENIES** Defendant's motion to dismiss on this ground. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). However, the Court **ORDERS** Plaintiff to show cause as to why the Complaint should not be dismissed without prejudice due to licensee estoppel.
//
//

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **DENIED**. Plaintiff is **ORDERED** to show cause as to why the Complaint should not be dismissed without prejudice due to licensee estoppel. Defendant's reply brief (ECF No. 11) is taken to state its position. Plaintiff must file any response to the OSC on or before August 22, 2013. Defendant must file any reply on or before August 28, 2013. The hearing date for the OSC is August 30, 2013 at 11:00 AM. No personal appearances are required, and there will be no oral argument unless requested by the Court.

**IT IS SO ORDERED.**

DATED: August 6, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court