UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBANDA INTERNATIONAL, INC., a California Corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>NINA PARKINSON, et al.,<br>　　　　　　　　　　Defendants. | Case No. 13cv490 BTM(BLM)<br>**ORDER RE: OSC** |

In its order dated August 6, 2013, the Court ordered Plaintiff to show cause as to why the Complaint should not be dismissed without prejudice due to licensee estoppel, as Plaintiff's license agreement with Defendant Nina Parkinson does not expire until December 1, 2013. (See ECF No. 17 at 5.)

In her response filed August 21, 2013 (ECF No. 18), Plaintiff makes two arguments: first, that licensee estoppel does not apply because the license agreement with Defendant Parkinson is invalid, and second, that the other defendants, Plasticos Vandux de Colombia ("Vandux") and Camelot Hair Care Products ("Camelot") are not alleged licensors to Plaintiff. Neither argument is availing.

First, the Court noted in its previous order that "a licensee is estopped to contest the validity of the licensor's title during the course of the licensing arrangement. . . . *The licensee has, by virtue of the agreement, recognized the*

*holder's ownership."* Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co., 514 F.2d 665, 671 (5th Cir. 1975) (emphasis added). As Defendant Parkinson points out in her reply (ECF No. 19 at 2), "The theory underlying the licensee estoppel doctrine is that a licensee should not be permitted to enjoy the benefits afforded by the license agreement while simultaneously urging that the trademark which forms the basis of the agreement is void." John C. Flood of Virginia, Inc. v. John C. Flood, Inc., 642 F.3d 1105, 1111 (D.C. Cir. 2011).

However, the licensee estoppel only applies for the duration of the license. See Donald F. Duncan, Inc. v. Royal Tops Mfg. Co., 343 F.2d 655, 658 (7th Cir. 1965) ("[A]n estoppel by a licensee to deny the validity of licensor's trademark expires with the license."). Therefore, Plaintiff could bring its claims upon expiration of the license agreement in December. Until such time, however, Plaintiff is barred from challenging the license and has not shown otherwise.

With regard to Plaintiff's second argument, although it is true that Vandux and Camelot do not appear to be licensors to Robanda, Nina Parkinson is a necessary party to this case under Federal Rule of Civil Procedure 19(a).[1] A party is necessary under Rule 19 where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest. . . ." Fed. R. Civ. P. 19(a)(1)(B(I).

Here, Plaintiff seeks declaratory relief against all three defendants that the Marilyn Mark, the trademark at issue, is invalid. Indeed, Plaintiff notes in its response to the Court's OSC that if the Court finds that Vandux and Camelot abandoned the mark, "then the assignment to Parkinson must also be invalid." (ECF No. 19 at 4.) Defendant Parkinson clearly has a stake in these proceedings, as

---

[1] Defendant Parkinson also argues that Plaintiff has failed to state a claim against Vandux and Camelot because they cannot abandon the trademark if they have assigned it to someone else. However, the Court will not address the substance of Plaintiff's claims against the other defendants here, as it is outside the scope of the Court's order to show cause.

1  any findings by the Court as to the validity of the mark would affect her as the
2  alleged current owner of the mark.  Therefore, the Court holds that she is an
3  indispensable party under Rule 19.
4  //
5  //
6  //
7  //
8  //
9       Since Plaintiff is barred by licensee estoppel until December 1, 2013 from
10 challenging the license agreement with Defendant Parkinson, and Defendant
11 Parkinson is an indispensable party to the lawsuit, the Court hereby **DISMISSES**
12 the case **without prejudice**.
13
14 **IT IS SO ORDERED.**
15 DATED:  August 29, 2013

                                                                                      _____
                                                                                      BARRY TED MOSKOWITZ, Chief Judge
                                                                                      United States District Court